UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KENNETH SOEST, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-00871-JAR |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Kenneth Soest's ("Soest") application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. For the reasons set forth below, the decision of the Commissioner will be affirmed.

**I.     Background**

Soest filed his disability application on October 3, 2011, alleging disability beginning on November 1, 2010. He claimed that the following conditions limited his ability to work: a knee replacement; a bad disc in his back; a sleep disorder; anxiety; and a hand "singe" (Tr. 225).[2]

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties do not define a "singe." However, it appears the condition is the result of an accident sustained by Soest in which his hand was crushed where the thumb meets the joint (Tr. 13).

Soest stopped working as a carpenter in October 2010 after losing his job (Tr. 226).[3] Soest's application was initially denied on June 10, 2013 (Tr. 102), which he appealed. On July 10, 2014, the Appeals Council remanded the case to the administrative law judge ("ALJ") in order to discuss and accord weight to the opinions of Soest's treating doctor, Hziz Doumit, M.D. regarding Soest's physical limitations (Tr. 97-98). On December 3, 2014, the ALJ again found that Soest was not disabled (Tr. 5-22). Soest appealed this decision, which was denied by the Appeals Council (Tr. 23-27). Thus, the most recent decision of the ALJ stands as the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000).

## II. Facts

The Court adopts Soest's unopposed recitations of the medical record relevant to this case, as set forth in his Medical Evidence on Record (Doc. 17 at 3-10),[4] along with Defendant's Statement of Additional Material Facts (Doc. 24-2). Together, these facts present a fair and accurate summary of the record, including the testimony at the evidentiary hearings. Specific facts will be discussed as part of the analysis.

## III. Standards

The court's role on judicial review is to determine whether the ALJ's findings are supported by substantial evidence in the record as a whole. *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2009). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id*. (citations omitted). The court may not reverse merely because substantial evidence exists in the record that would support a contrary outcome or because the

---

[3] Notably, Soest's medical conditions were not the reason for Soest losing his job. Rather, it is undisputed that he was laid off for other reasons, which mitigates against finding a disability (Tr. 226). *See Browning v. Sullivan*, 958 F.2d 817, 823 (8th Cir.1992) (finding that a cessation of work for reasons unrelated to medical condition militated against a finding of disability).

[4] Soest did not submit a separate Statement of Material Facts.

court would have decided the case differently. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;
(2) The education, background, work history, and age of the claimant;
(3) The medical evidence given by the claimant's treating physicians;
(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
(5) The corroboration by third parties of the claimant's physical impairment;
(6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920(a), 404.1520(a). "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v.*

*Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). First, the claimant must not be engaged in "substantial gainful activity." 20 C.F.R. §§ 416.920(a), 404.1520(a). Second, the claimant must have a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 416.920(c), 404.1520(c). The severity of mental disorders is determined by rating the claimant's degree of limitations in four areas of functioning: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation (the "paragraph B criteria"). *Id.* § 404.1520a(c)(3). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001).

Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id*.

Before considering step four, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is defined as "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)). At step four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011). If the claimant can still perform past relevant work, he will not be found to be disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*.

At step five, the ALJ considers the claimant's RFC, age, education, and work experience to see if the claimant can make an adjustment to other work in the national economy. 20 C.F.R. §§ 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, then he will be found to be disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v).

Through step four, the burden remains with the claimant to prove that he is disabled. *Brantley v. Colvin*, No. 4:10CV2184 HEA, 2013 WL 4007441, at *3 (E.D. Mo. Aug. 2, 2013) (citation omitted). At step five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id*. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Meyerpeter v. Astrue*, 902 F. Supp.2d 1219, 1229 (E.D. Mo. 2012) (citations omitted).

## IV. Decision of the ALJ

The ALJ found that Soest had the severe impairments of hand singe, residual effects of left knee surgery, and degenerative disease of the back, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 10-11). After considering the entire record, the ALJ determined that Soest had the RFC to perform light work as defined in 20 CFR § 404.1567(b), except that he must alternate between seated and standing positions every hour (Tr. 11). The ALJ determined that Soest was limited to sitting no more than four hours in each eight hour workday, and standing for no greater than four hours in an eight-hour workday (Tr. 11). The ALJ found Soest unable to perform his past relevant work as a carpenter (Tr. 15). However, considering his age, education, work experience, and RFC, the ALJ concluded that Soest is capable of making a successful adjustment to other work that exists in a significant number in the national economy. Thus, the ALJ determined that Soest was not disabled as defined by the Act.

V.     **Discussion**

In his appeal of the Commissioner's decision, Soest challenges the ALJ's RFC determination. Specifically, Soest argues that the ALJ failed to consider the effect of Soest's neck fracture and hand singe on his ability to work (Doc. 17). The Commissioner responds that Soest's neck injury did not meet the 12-month durational requirement under the Act, and therefore cannot constitute an impairment (Doc. 24). The Commissioner further argues that the ALJ did account for Soest's hand impairment by limiting him to the carrying and lifting requirements of light work (*Id.*). Furthermore, the Commissioner contends that Soest's treatment records do not document consistent complaints regarding hand-related symptoms (*Id.*).

Neck[5]

In March 2014, while Soest's appeal was pending, he fractured his neck after he fell down the stairs while intoxicated (Tr. 480). Additional medical evidence may be considered if it is new, material, and relates to the period on or before the date of the ALJ's decision. 20 CFR § 404.970(b); *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir.1990). Failure to consider the evidence "may be a basis for remand by a reviewing court." *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir.1995). However, "[a]lthough required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted." *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir.1998). Moreover, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Id.*

Here, Soest treated with David Neils, M.D., who recommended that Soest wear a neck collar, be off work for at least two months while the fractures healed, and lift no more than 10 pounds (Tr. 582, 584). Soest attended a follow-up appointment with Dr. Neils in April 2014, at

---

[5]    It is unclear from the record whether Soest even alerted the ALJ to the fact that he was claiming a new impairment. Instead, Soest merely submitted records of his treatment after the fall, which the ALJ cites in the decision (Tr. 15).

which time Dr. Neil noted that Soest was doing "quite well" and recommended that Soest remain in the neck collar for one more month (Tr. 544). In May 2014, Dr. Neils indicated that Soest no longer needed to wear his neck collar and had "no active activity restrictions" (Tr. 557). Soest was provided with a prescription for physical therapy, but it does not appear he attended (*Id.*).

As Soest correctly points out, the ALJ did not discuss in his December 3, 2014 decision whether Soest's neck fracture was a severe or non-severe impairment. However, although the ALJ does not detail Soest's complaints about his neck in the decision, it is clear that the ALJ considered the injury in making his determination. The ALJ heard Soest's testimony about the fracture, which informed the ALJ's credibility determination in light of Soest's inconsistent testimony regarding his alcohol habits (Tr. 15). The ALJ also discussed Soest's hospital records after the fall, including the CT scan that showed nondisplaced fractures of the C-1 and the left occipital condyle (Tr. 15). This demonstrates that evidence concerning Soest's neck injury was properly considered by the ALJ in rendering his decision. *See Black*, 143 F.3d at 386 (holding that an ALJ is not obligated to discuss every piece of evidence in the decision).

Furthermore, even if the ALJ's failure to discuss Soest's neck impairment was error, it was harmless because the neck injury does not satisfy the impairment durational requirement. The law defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1505, 404.1509. Here, Soest points to no evidence indicating that his neck impairment lasted longer than the three months documented in the medical records. Therefore, even if the ALJ's failure to analyze Soest's neck injury was error, that error was harmless because Soest failed to establish the impairment satisfied the durational requirement.

Hand

Soest argues that although the ALJ found Soest's hand singe to be a severe impairment, he failed to consider that severe impairment in the RFC. The Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Statements about a claimant's pain or other symptoms will not alone establish that he is disabled. 20 C.F.R. § 404.1529(a). There must be objective medical evidence from an acceptable medical source that shows a claimant has a medical impairment which could reasonably be expected to produce the pain or other symptoms alleged and that, when considered with all of the other evidence would lead to a conclusion that the claimant is disabled. *Id.* Objective medical evidence includes evidence of reduced joint motion, muscle spasm, sensory deficit, or motor disruption. *Id.* § 404.1529(c)(2).

Here, Soest testified about an accident that occurred in 1982 in which his hand was crushed and required surgery (Tr. 56). No objective medical evidence was submitted regarding the surgery or subsequent deterioration in Soest's hand condition (Tr. 13-14). The ALJ notes that as a carpenter, Soest was able to use tools, including saws, nail guns, power tools, and hand tools, without limitations (Tr. 12-13). Soest was also able to lift and carry sheets of plywood weighing up to 90 pounds and stacks of 2 by 4's weighing up to 60 pounds, although Soest's foreman made some accommodations for Soest when his knees gave him difficulties at the job site (*Id.*).

The ALJ heard Soest's testimony about his hand and took that impairment into account when he limited Soest to the carrying and lifting requirement of light work (Tr. 11); *see* 20 CFR §404.1567(b) (light work involves lifting no more than 20 pounds at a time with a frequent

lifting or carrying of objects weighing up to 10 pounds). The ALJ also properly considered the opinion of Jayant Desi, MD, a state agency non-examining doctor, who determined that Soest had no manipulative limitations (Tr. 71). An ALJ may rely on a non-examining doctor's opinion as long as it is not the only basis for the ALJ's RFC finding. *See Stormo v. Barnhart*, 377 F.3d 801, 807–08 (8th Cir. 2004) (the ALJ properly used evidence from state agency doctors in supporting the finding that the claimant's mental impairments were not disabling). Therefore, there exists substantial evidence in the record to support the ALJ's RFC determination with regard to Soest's hand impairment.

## VI. Conclusion

The ALJ's RFC finding accounted for all of Plaintiff's limitations, including his hand condition. Substantial evidence supported the ALJ's finding that Plaintiff recovered from his neck fractures and, in any event, they did not meet the 12-month durational requirement of the Act.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Soest's Complaint is **DISMISSED** with prejudice. A separate Judgment will accompany this Order.

Dated this 26th day of September, 2017.

*John A. Ross*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**